**UNITED STATES of America, Plaintiff,**

v.

**Rufus SIMS, et al., Defendants.**

**No. 92 CR 166.**

United States District Court,
N.D. Illinois, E.D.

Nov. 6, 1992.

Scott T. Mendeloff, Sean B. Martin, U.S. Attorney's Office, Chicago, IL, for plaintiff.

Michael Gregory Logan, Chicago, IL, for defendant Rufus Sims.

Daniel S. Alexander, Durkin, Foster, Roberts & Barrett, Chicago, IL, for defendant Donald Moore.

Robert G. Clarke, Chicago, IL, for defendant Michael Stevens.

Standish E. Willis, Chicago, IL, for defendant Delwin Langston.

Richard S. Jalovec, Richard S. Jalovec & Associates, Chicago, IL, for defendant Dennis Gilliam.

Paul Augustus Wagner, Paul A. Wagner, Chicago, IL, for defendant William Burch.

Michael Gregory Logan, Chicago, IL, for defendant Timothy Henderson.

William J. Stevens, Chicago, IL, for defendant Darryl Young.

Paul Edward Paprocki, Chicago, IL, for defendant Joe Boyles.

Carl Peter Clavelli, Chicago, IL, for defendant Maurice Harmon.

Robert S. Bailey, Chicago, IL, for defendant Shawn Baker.

Linda Amdur, Chicago, IL, for Dennis Gilliam.

Keith Allan Spielfogel, Chicago, IL, for defendant Estella Sims.

Terence Patrick Gillespie, Marc William Martin, Genson, Steinback & Gillespie, Chicago, IL, for defendant Andrea Thomas.

Herbert Louis Goldberg, Giovannini & Goldberg, Sheldon Bart Nagelberg, Chicago, IL, for defendant Ruby Chambers.

Richard A. Halprin, Chicago, IL, for defendant Eric Smith.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

■ Before the Court are defendant Ruby Ann Chambers' Motion in Limine Opposing the Admittance of Evidence Pursuant to Federal Rule of Evidence 404(b) and the Government's Motion to Admit Evidence Pursuant to Federal Rule of Evidence 404(b) against defendant Chambers. Rule 404(b) allows evidence of uncharged acts to be offered to establish a defendant's knowledge, intent or opportunity pertaining to pending charges, but not to prove the character of a person in order to show that he or she acted in conformity therewith on a particular occasion.[1]

The government seeks to introduce evidence of two additional narcotics transactions involving Ruby Chambers for the limited purposes of showing Chambers' knowledge, intent, opportunity and *modus operandi*. Both incidents resulted in charges against Chambers which are presently pending in state court. Evidence of other acts or crimes is admissible if it meets the following criteria:

(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) there is sufficient evidence to support a finding by the jury that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.[2]

*United States v. Sullivan*, 911 F.2d 2, 6 (7th Cir.1990); *United States v. Monzon*, 869 F.2d 338, 344 (7th Cir.), *cert. denied*, 490 U.S. 1075, 109 S.Ct. 2087, 104 L.Ed.2d 650 (1989). The court finds that the government has met the four-prong test with respect to the two drug transactions it seeks to admit.

■ Chambers argues that the evidence is not relevant and should be excluded pursuant to Federal Rule of Evidence 401. However, evidence of additional drug transactions by defendants in narcotics cases is admissible to show knowledge and intent under Rule 404(b). *See, e.g., United States v. Cox*, 923 F.2d 519, 523 (7th Cir. 1991). Chambers also argues that the government has rendered misleading renditions of the two incidents and "has not proven the existence of any facts in a clear and convincing nature." The clear and convincing evidence standard cited by counsel for Chambers is incorrect. The Supreme Court invalidated this standard in *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), which requires "sufficient evidence" to support a jury finding that the accused committed the similar act. *Id.* at 685, 108 S.Ct. at 1499.

Accordingly, the court grants the Government's Motion to Admit Evidence Pursuant to Federal Rule of Evidence 404(b)

---

**1.** Specifically, Federal Rule of Evidence 404(b) states:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**2.** This four-part test was originally established in *United States v. Shackleford*, 738 F.2d 776, (7th Cir.1984). The Supreme Court modified the standard in *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), which requires sufficient evidence to support a jury finding that the accused committed the similar act rather than clear and convincing evidence that the defendant committed the act.

632

and denies Chambers' Motion in Limine Opposing the Admittance of Evidence Pursuant to Federal Rule of Evidence 404(b). The court will instruct the jury that it may consider the evidence only for the limited purposes of showing Chambers' knowledge, intent, opportunity and *modus operandi*. See Modern Criminal Jury Instruction 3.08.